UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LEANTHONY T. WINSTON, #1369027,

    Petitioner,

v.                                                  ACTION NO. 2:18cv577

HAROLD W. CLARKE,

    Respondent.

### UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

This matter is before the Court on LeAnthony Winston's ("Winston") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, his motion for a temporary restraining order, and respondent's motion to dismiss. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 13, be **DENIED**, Winston's motion for temporary restraining order, ECF Nos. 9, 18, be **DISMISSED WITHOUT PREJUDICE**, and that Winston's petition be **STAYED** pending the exhaustion of his claims in state court.

### I. STATEMENT OF THE CASE

Winston, a Virginia inmate, submitted a *pro se* habeas petition, pursuant to 28 U.S.C. § 2254 on October 30, 2018, and filed supplements to the petition on November 23, 2018, and January 14, 2019. ECF Nos. 1, 2, 6. Winston alleges his federal rights were violated when he

was prosecuted in the Circuit Court for the City of Norfolk between 2014 and 2016 for offenses that allegedly occurred on October 18, 2014. *Id.* Winston was convicted of one offense, possession of a firearm by a non-violent felon, and sentenced on July 28, 2017 to three years in prison with one year suspended. *Commonwealth v. Winston*, No. CR 15002834-00 (Va. Cir. July 28, 2017) ("firearm conviction"). Winston also challenges his convictions in the Circuit Court for the City of Norfolk for distribution of a Schedule II narcotic and possession of cocaine, for which he was sentenced on July 14, 2017, to five years and five months, with two years suspended. *Commonwealth v. Winston*, No. CR 16001001-00 and CR 16001001-01 (Va. Cir. July 14, 2017) ("drug convictions").

Winston's notices of appeal to the Court of Appeals of Virginia on the firearm conviction and the drug convictions were dismissed on May 14, 2018, because no timely petition for appeal was filed. *Commonwealth v. Winston*, No. 1196-17-1 (Va. Ct. App. May 14, 2018), ECF No. 14-1; *Commonwealth v. Winston*, No. 1246-17-1 (Va. Ct. App. May 14, 2018), ECF No. 14-2.

Winston filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on March 8, 2018, challenging his firearm conviction and drug convictions. ECF No. 14-3 at 2. The Virginia Supreme Court dismissed his habeas petition on August 13, 2018, and denied his petition for a rehearing on November 19, 2018. *Winston v. Clarke*, No. 180324 (Va.); ECF Nos. 14-4, 14-5.

On July 10, 2018, while the habeas petition was pending in the Supreme Court of Virginia, the Court of Appeals of Virginia granted Winston a delayed appeal. *Commonwealth v. Winston*, No. 1260-18-1 (Va. Ct. App. July 10, 2018), ECF No. 14-6. The order entered by the Court of Appeals of Virginia on July 10, 2018, and provided as an exhibit to respondent's motion to dismiss,

states:

> leave is granted Leanthony Winston to proceed *in forma pauperis* and to file a replacement notice of appeal from the judgment rendered against him by the Circuit Court of the City of Norfolk on September 7, 2017, upon convictions of possession of cocaine and distribution of a schedule II controlled substance (Circuit Court Nos. CR 16001001-00 and CR 16001001-01).

ECF No. 14-6.

In the memorandum in support of the motion to dismiss, respondent indicates that the Court of Appeals of Virginia awarded Winston a delayed appeal "on all of his charges." ECF No. 14 at 2. In his petition for appeal to the Court of Appeals of Virginia, Winston included assignments of error relating to both his firearm conviction and his drug convictions. ECF No. 14-7. This delayed appeal is currently pending before the Court of Appeals of Virginia.

Winston filed the pending federal petition for a writ of habeas corpus on October 30, 2018, and supplemented the petition on November 23, 2018, and January 14, 2019. ECF Nos. 1, 2, 6. Winston asserts violations of his constitutional rights resulting in his firearm conviction and drug convictions. *Id.* These violations include claims that he is being held beyond his release date (grounds 1 and 2), he has been subjected to vindictive and selective prosecution (ground 3), his trial judge was vindictive (ground 4), his conviction for possession of a firearm by a felon violates the Double Jeopardy Clause (ground 5), he has been discriminated against in prison due to his religious beliefs (ground 6), there was insufficient evidence to convict him of possession of a firearm by a felon (ground 7), he was denied a speedy trial (ground 8), and he was denied due process due to a lengthy pretrial detention (ground 9). *Id.*[1]

---

[1] Grounds 1–4 are listed in Winston's form petition. ECF No. 2. Grounds 5–9 are not numbered in Winston's filings, but are contained in Winston's original filing and supplemental filing. ECF Nos. 1, 6.

3

Winston also filed a motion for temporary restraining order on February 11, 2019, and filed an affidavit in support of the motion on March 18, 2019. ECF Nos. 9, 18. Winston requests that the Court "issue a TRO and order the Virginia Department of Corrections to obey the orders of [his] sentence to the letter. . . . [and] grant [him] a partial judgment acknowledging that VDOC has indeed disobey[ed his] sentencing order." ECF No. 18 at 3.

On March 4, 2019, respondent filed a Rule 5 answer and motion to dismiss with a memorandum in support. ECF Nos. 12–14. Respondent asserts that Winston's federal petition raises both claims that have been exhausted and claims that have not been exhausted. ECF No. 14 at 3–4. Respondent further asserts that some of the claims raised in the federal petition have been presented to the Court of Appeals of Virginia in Winston's delayed direct appeal. *Id.* at 4. Respondent argues that the Court should dismiss the petition without prejudice to Winston to return to state court to present the unexhausted claims. *Id.* at 4 (citing *Rhines v. Weber*, 544 U.S. 269, 273–74 (2005)). Alternative, respondent argues that the Court should allow Winston to withdraw the unexhausted claims and proceed with the exhausted claims. *Id.* (citing *Burton v. Stewart*, 549 U.S. 147, 154 (2007)).

## II. ANALYSIS

### A. Winston's federal habeas petition should be stayed pending resolution of his delayed direct appeal.

There is a longstanding requirement that, prior to seeking relief in federal court, habeas petitioners exhaust available state remedies. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). This exhaustion doctrine is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings" by "allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Id.* (citation and

4

quotation marks omitted). The exhaustion requirement also serves a pragmatic purpose, because "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." *Id.* at 519. The Supreme Court requires "total exhaustion," and so previously directed federal district courts to dismiss mixed petitions, which are petitions containing both exhausted and unexhausted claims. *Id.* at 522.

When Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the requirement of total exhaustion was preserved. *See* 28 U.S.C. § 2254(b)(1); *see also Rhines v. Weber*, 544 U.S. 269, 274 (2005). AEDPA also imposed a one-year statute of limitations that is tolled while properly-filed state habeas petitions are pending, but is not tolled when a federal habeas petition is filed. 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

In *Rhines v. Weber*, the Supreme Court recognized that the combination of the total exhaustion requirement and the one-year statute of limitations could result in the dismissal of a federal mixed petition, precluding federal review of a petitioner's claims. 544 U.S. at 275. This could occur if a timely-filed federal mixed petition was dismissed close to or after the one-year limitations period had run, making it impossible for the petitioner to return to federal court after exhausting all claims in state court. *Id.* To avoid this, the Court held that, "in limited circumstances," the district court could stay the federal petition "and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 275–76. The Court outlined the limited circumstances: (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court"; (2) the unexhausted claims are not "plainly

meritless"; and (3) the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." *Id.* 277–78.[2]

Winston's federal petition contains both exhausted and unexhausted claims. In addition, some of the federal claims are included in the assignment of errors currently under consideration by the Court of Appeals of Virginia. This Court cannot address Winston's mixed federal petition. The Court must decide whether the petition should be dismissed without prejudice to Winston refiling the petition after exhausting his claims in state court, to give Winston the option to withdraw the unexhausted claims and proceed only on the exhausted claims, or to stay the federal petition and hold it in abeyance until the state court remedies have been exhausted.

The limited circumstances under which a stay can be granted, as outlined in *Rhines*, apply to Winston's current federal petition. First, good cause exists for Winston's failure to exhaust state remedies prior to filing his federal petition. Winston's original notices of appeal to the Court of Appeals of Virginia on his firearm conviction and drug convictions were denied for failure to timely file a petition for appeal. Winston had meanwhile filed a habeas petition in the Supreme Court of Virginia. Prior to the dismissal of his state habeas petition on August 13, 2018, the Court of Appeals of Virginia granted Winston a delayed appeal on July 10, 2018. Under these unique procedural circumstances, it is understandable that, to comply with the federal statute of limitations, Winston filed his federal petition on October 30, 2018, prior to the conclusion of his delayed direct appeal and before the Supreme Court of Virginia denied his petition for rehearing

---

[2] The Fourth Circuit has recognized that this "stay and abeyance procedure" can extend to unmixed petitions in which the petitioner files a "protective federal habeas petition" to avoid the federal limitations period expiring before state court remedies can be exhausted. *Malvo v. Mathena*, 259 F. Supp. 3d 321, 328–29 (4th Cir. 2017).

6

on his state habeas petition on November 19, 2018. Winston's one-year federal limitations period has recently expired on both his drug convictions and firearm conviction. It is unclear whether the delayed appeal will reset the clock on his federal limitations period. Further, it is unclear whether Winston has been granted a delayed appeal on the both the firearm and drug convictions, or only on the drug convictions.[3] If the appeal only applies to one set of convictions, it will not toll the federal limitations period as to the other convictions.

The award of the delayed appeal was not within Winston's control. Further, the uncertainty as to the calculation of the federal limitations period with respect to the delayed appeal constitutes good cause for filing the federal petition prior to the conclusion of the delayed appeal. *See Malvo*, 259 F. Supp. 3d at 331–32 (finding good cause existed for the premature filing of Malvo's federal habeas petition one day before the one-year federal limitations period expired, but before exhausting state court remedies with respect to his "novel and potentially meritorious claim").

Second, without the state court record or briefing from the respondent, the Court cannot find that Winston's unexhausted claims are "plainly meritless." *See Rhines*, 544 U.S. at 277.

Third, there is no indication in the record that Winston has "engaged in intentionally dilatory litigation tactics." *Id.* at 278. Winston timely filed his state habeas petition. Further, Winston has aggressively sought federal habeas relief, and there is nothing to indicate his intention

---

[3] *See* ECF No. 14-6 (order granting leave to appeal the convictions of possession of cocaine and distribution); ECF No. 14 at 2 (respondent indicates Winston was granted a delayed appeal "on all charges"); ECF No. 14-7 (Winston's assignments of error includes allegations regarding the firearm and drug convictions).

7

to delay the habeas process.[4]

Accordingly, the Court recommends that Winston's federal petition be stayed pending the resolution of his delayed direct appeal. The Supreme Court admonished that "[e]ven where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely . . . . Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 277–78. Here, Winston's delayed appeal is already under consideration by the Court of Appeals of Virginia. Winston should be directed to file an amended federal petition on the proper form with his claims numbered no later than thirty days after his state court remedies have been exhausted, but not before those remedies have been exhausted.

**B. Winston's motion for a temporary restraining order should be dismissed without prejudice.**

Winston filed a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b)(1)(A) on February 11, 2019. ECF No. 9. Winston filed a declaration in support of that motion on March 18, 2019. ECF No. 18. Winston asserts that the Virginia Department of Corrections improperly combined sentences he received on July 14, 2017, and July 28, 2017. ECF No. 18 at 2. Winston argues that the execution of his July 14, 2017 sentence was suspended for thirty days, which should have resulted in his serving the July 28, 2017 sentence first. *Id.* He

---

[4] Winston filed three section 2254 petitions in this Court relating to similar charges and convictions in the Norfolk Circuit Court, which were dismissed without prejudice due to Winston's failure to exhaust remedies in the state courts. *Winston v. Clarke*, No. 2:17cv299 (E.D. Va. Oct. 2, 2017); *Winston v. Clarke*, No. 2:17cv620 (E.D. Va. July 25, 2018); *Winston v. Clarke*, 2:17cv621 (E.D. Va. May 18, 2018). Winston filed the present petition on October 30, 2018, prior to the Supreme Court of Virginia ruling on his petition for a rehearing on his state habeas petition on November 19, 2018. *See* ECF Nos. 1, 14-5.

8

further argues that, had he been given credit for time served, he would have completed serving his July 28, 2017 sentence before the suspension of his July 14, 2017 sentence ended. *Id.* As a result, Winston asserts the Virginia Department of Corrections improperly combined the two sentences. *Id.* Winston requests that the Court "issue a TRO and order the Virginia Department of Corrections to obey the orders of [his] sentence to the letter. . . . [and] grant [him] a partial judgment acknowledging that VDOC has indeed disobey[ed his] sentencing order." ECF No. 18 at 3. The issues raised in Winston's motion for a temporary restraining order are also raised in grounds 1 and 2 of his petition for a writ of habeas corpus. *See* ECF Nos. 1 at 4, 6; ECF No. 2 at 5–6; ECF No. 6 at 2, 3. Accordingly, Winston's motion for temporary restraining order should be **DISMISSED WITHOUT PREJUDICE** to raising these issues in the amended petition filed following the resolution of his delayed direct appeal.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 12, be **DENIED**, Winston's motion for a temporary restraining order, ECF Nos. 9, 18, be **DISMISSED WTHOUT PREJUDICE**, and the petition for a writ of habeas corpus, ECF Nos. 1, 2, 6, be **STAYED** pending further order of the Court. The Court further **RECOMMENDS** that Winston be **DIRECTED** to file an amended federal petition on the proper form with his claims numbered no later than thirty days after his state court remedies have been exhausted, or his current federal petition will be dismissed.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, Winston is notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

Winston is further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based upon such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
_____
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
May 21, 2019

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

LeAnthony T. Winston, #1369027
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219

Fernando Galindo, Clerk

By _____
      Deputy Clerk

\_\_\_May 21\_\_\_, 2019

12