UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LEANTHONY T. WINSTON, #1369027,

    Petitioner,

v.                                               ACTION NO. 2:18cv577

HAROLD W. CLARKE,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on several motions filed by LeAnthony Winston ("Winston") related to his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that Winston's motions for judgment, ECF Nos. 36, 40, 42, and motion for temporary restraining order, ECF No. 37, be **DISMISSED WITHOUT PREJUDICE.**

### I. STATEMENT OF THE CASE

Winston, a Virginia inmate, submitted a *pro se* habeas petition, pursuant to 28 U.S.C. § 2254 on October 30, 2018, and filed supplements to the petition on November 23, 2018, and January 14, 2019. ECF Nos. 1, 2, 6. Winston alleges his federal rights were violated when he was prosecuted in the Circuit Court for the City of Norfolk between 2014 and 2016 for offenses that allegedly occurred on October 18, 2014. *Id.* Winston was convicted of one offense,

possession of a firearm by a non-violent felon, and sentenced on July 28, 2017 to three years in prison with one year suspended. *Commonwealth v. Winston*, No. CR 15002834-00 (Va. Cir. July 28, 2017) ("firearm conviction"). Winston also challenges his convictions in the Circuit Court for the City of Norfolk for distribution of a Schedule II narcotic and possession of cocaine, for which he was sentenced on July 14, 2017, to five years and five months, with two years suspended. *Commonwealth v. Winston*, No. CR 16001001-00 and CR 16001001-01 (Va. Cir. July 14, 2017) ("drug convictions"). On March 4, 2019, respondent filed a Rule 5 answer and motions to dismiss with a memorandum in support. ECF Nos. 12–14.

The Court of Appeals of Virginia granted Winston a delayed appeal on July 10, 2018, which remained pending at the time Winston filed his section 2254 petition in this Court. *Commonwealth v. Winston*, No. 1260-18-1 (Va. Ct. App. July 10, 2018), ECF No. 14-6. On July 31, 2019, Winston filed an amended section 2254 petition indicating that the Court of Appeals of Virginia had denied his delayed appeal. ECF No. 34 at 1. According to the Court of Appeals of Virginia's online appellate case management system, the delayed appeal was denied on July 10, 2019, and Winston noticed an appeal of the decision to the Supreme Court of Virginia on July 18, 2019. *See* https://eapps.courts.state.va.us/cav-public (last visited December 17, 2019) to access records for *Winston v. Commonwealth of Va.*, No. 126018 (Va. Ct. App.). According to this website, the Supreme Court of Virginia has not ruled on Winston's appeal. *Id.*

Winston's federal petition contains both exhausted and unexhausted claims. In addition, some of the federal claims are included in the assignment of errors currently under consideration by the state court. On June 20, 2019, the Court denied respondent's motion to dismiss, ECF No. 31, and stayed Winston's petition for a writ of habeas corpus, ECF Nos. 1, 2, 6, pending further

2

order of the Court. The Court ordered Winston to file an amended federal petition no later than thirty days **after his state court remedies have been exhausted**.

Winston filed three motions for judgment, one each on August 23, 2019, October 21, 2019, and November 12, 2019. ECF Nos. 36, 40, 42. Winston filed a motion for temporary restraining order on August 30, 2019. ECF No. 37.

## II. ANALYSIS

In his motions for judgment, Winston reasserts the issues raised in his petition for a writ of habeas corpus, including that the Virginia Department of Corrections disobeyed the trial court's order, he was convicted by a vindictive trial judge as a result of vindictive and selective prosecution, he was denied a speedy trial, and his convictions violate the Double Jeopardy Clause. ECF Nos. 36, 40, 42. Winston seeks "habeas relief in the form of acquittal and immediate release," ECF No. 36 at 7; "a speedy hearing for show cause, where [Winston] can be provided with discovery and . . . make this Court more comfortable with the granting of habeas relief," ECF No. 40 at 6; and "a speedy disposition hearing, based on the previously stated facts, and supporting evidence," ECF No. 42 at 5.

On August 30, 2019, Winston filed a motion for temporary restraining order and judicial notice. ECF No. 37. Winston seeks a temporary restraining order and preliminary injunction "against Harold Clarke and any agent, employee, or person working in the interest of the Virginia Department of Corrections [] from contact with" Winston. *Id.* at 1. Winston further requests that the Court take judicial notice of certain facts relevant to this habeas petition. *Id.* at 3.

Winston's habeas petition has been stayed pending the resolution of his delayed appeal in state court. Accordingly, Winston's motions for judgment and motion for temporary restraining

3

order should be **DISMISSED WITHOUT PREJUDICE** to Winston raising these issues in the amended petition filed following the resolution of his delayed direct appeal by the Supreme Court of Virginia.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Winston's motions for judgment, ECF Nos. 36, 40, 42, and motion for temporary restraining order be **DISMISSED WITHOUT PREJUDICE**

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, Winston is notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

Winston is further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based upon such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/ Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 17, 2019

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

LeAnthony T. Winston, #1369027
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219

Fernando Galindo, Clerk

By __E. Price__
     Deputy Clerk

___December 18___, 2019