**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

LEANTHONY T. WINSTON, #977597,

        Petitioner,

v.

HAROLD W. CLARKE,

        Respondent.

Action No. 2:18cv577
Consolidated Action No. 2:20cv423

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on LeAnthony Winston's ("Winston") *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Winston's motions for a temporary restraining order, Winston's motion for judgment, and respondent's second motion to dismiss. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's second motion to dismiss, ECF No. 67, be **GRANTED**, Winston's motions for temporary restraining order, ECF Nos. 63, 64, 94, be **DENIED**, Winston's motion for judgment, ECF No. 73, be **DENIED**, and that Winston's petition, ECF No. 59, be **DISMISSED WITH PREJUDICE**.

## I. STATEMENT OF THE CASE

Winston, a Virginia inmate, submitted an amended *pro se* habeas petition, pursuant to 28 U.S.C. § 2254 on July 20, 2020. ECF No. 59. Winston alleges his federal rights were violated

when he was prosecuted in the Circuit Court for the City of Norfolk between 2014 and 2016 for offenses occurring on October 18, 2014. *Id.* Specifically, Winston challenges his convictions for distribution of a Schedule II narcotic substance and possession of cocaine, for which he was sentenced on July 14, 2017, to five years and five months, with two years suspended. *Commonwealth v. Winston*, Nos. CR 16001001-00, -01 (Va. Cir. Ct. July 14, 2017).   Winston also challenges his conviction for possession of a firearm by a non-violent felon, for which he was sentenced on July 28, 2017, to three years in prison with one year suspended.   *Commonwealth v. Winston*, No. CR 15002834-00 (Va. Cir. Ct. July 28, 2017).

A.    **Winston's 2014 and 2015 firearms charges**

On October 18, 2014, Winston was arrested and charged with possession of a firearm by a felon, possession of a concealed weapon, and brandishing a firearm.   GDC Appeal R.[1] at 1–6.   A preliminary hearing was held in Norfolk General District Court on the charge of possession of a firearm by a felon on November 24, 2014, and the charge was certified to the grand jury. *Id.* at 34–35.   The same day, Winston was convicted of the two misdemeanors (possession of a concealed weapon and brandishing a firearm) and noted his appeal to the Circuit Court for the City of Norfolk. *Id.* at 17, 34–35. On December 17, 2014, the grand jury returned an indictment for possession of a firearm by a convicted felon. *Id.* at 48.   On October 29, 2015, the day the three

---

[1] "GDC Appeal R." refers to the paper record of Winston's cases before the Circuit Court for the City of Norfolk following appeal from the Norfolk General District Court, as well as a direct indictment for felon in possession of a concealed weapon. *Commonwealth v. Winston*, Nos. CR14003709-00 to -02 (Va. Cir. Ct. Oct. 29, 2016); *Commonwealth v. Winston*, No. CR16001020-00 (Va. Cir. Ct. Dec. 14, 2016).   This record consists of a compact disc provided to the Court by the Circuit Court for the City of Norfolk, containing documents consecutively paginated from 1 through 245.

charges were set for trial in the circuit court, the court granted the Commonwealth's motion to *nolle prosequi* all three charges. *Id.* at 73; *Commonwealth v. Winston*, Nos. CR14003709-00 to -02 (Va. Cir. Ct. Oct. 29, 2015).

On November 4, 2015, the grand jury returned indictments charging Winston with the same three offenses—possession of a firearm by a non-violent felon, and misdemeanor charges for brandishing a firearm and carrying a concealed weapon—and added a charge for disorderly conduct. Direct Indict. R.[2] at 1–4; *Commonwealth v. Winston*, No. CR15002834-00 (Va. Cir. Ct. July 28, 2017); *Commonwealth v. Winston*, Nos. CR15002384-01 to -03 (Va. Cir. Ct. Jan. 24, 2017).

## B.    Winston's 2016 drug charges

On February 4, 2016, Winston was arrested and charged with possession of a controlled substance and distribution of a controlled substance. Direct Indict. R. at 31–34. Following his trial and conviction in Norfolk General District Court, Winston noted an appeal to the Circuit Court for the City of Norfolk on March 9, 2016. Direct Indict. R. at 44. On April 20, 2016, the grand jury returned indictments charging Winston with possession of cocaine and distribution of a Schedule II controlled substance. Direct Indict. R. at 77–78; *Commonwealth v. Winston*, Nos.

---

[2] "Direct Indict. R." refers to the paper record of Winston's firearm charges brought by direct indictment before the Circuit Court for the City of Norfolk following the *nolle prosequi* of the charges appealed from the Norfolk General District Court, as well as Winston's drug charges. *Commonwealth v. Winston*, No. CR15002834-00 (Va. Cir. Ct. July 28, 2017); *Commonwealth v. Winston*, Nos. CR15002834-01 to -03 (Va. Cir. Ct. Jan. 24, 2017); *Commonwealth v. Winston*, Nos. CR16001001-00, -01 (Va. Cir. Ct. July 14, 2017). This record, provided to the Court by the Circuit Court for the City of Norfolk, consists of a compact disc containing documents consecutively paginated from 1 through 1049.

CR16001001-00, -01 (Va. Cir. Ct. July 14, 2017).

## C.   Winston's 2016 firearms charge

In March 2016, a new prosecutor was assigned to Winston's case, Assistant Commonwealth's Attorney John F. Haugh ("ACA Haugh").  GDC Appeal R. at 173.  Defense counsel informed ACA Haugh that the case had not been set for trial because they were awaiting lab results.  *Id.* at 174.  ACA Haugh discovered, however, that there was no evidence at the lab and set the case for trial.  *Id.*  ACA Haugh elected to pursue a felon in possession of a concealed weapon charge, and on April 20, 2016, the grand jury returned an indictment charging Winston with possession of a concealed weapon by a convicted felon.  GDC Appeal R. at 74; *Commonwealth v. Winston*, No. CR16001020-00 (Va. Cir. Ct. Dec. 14, 2016).  ACA Haugh subsequently learned the history of the case, that Winston was tried in Norfolk General District Court and noted an appeal, which barred an indictment of Winston for a greater offense arising out of the same conduct.  GDC Appeal R. at 174.  During a hearing on December 14, 2016, ACA Haugh moved to *nolle prosequi* the indictment charging felon in possession of a concealed weapon.  *Id.* at 174–75.  The circuit court found good cause to grant the motion.  *Id.* at 190–92.

## D.   Winston's trials in the Circuit Court for the City of Norfolk

Following a bench trial held January 24, 2017, Winston was found guilty of possession of a firearm by a non-violent felon ("firearm conviction").  Direct Indict. R. at 225–26, 959.  The court granted the Commonwealth's motion to *nolle prosequi* the three misdemeanor charges— possession of a concealed weapon, brandishing a firearm, and disorderly conduct.  *Id.* at 225–26, 904.

Winston was found guilty of distribution of a Schedule II narcotic substance and possession

4

of cocaine following a bench trial on February 23, 2017 and May 11, 2017 ("drug convictions"). *Id.* at 305–06, 858.   Winston was sentenced on July 14, 2017, to five years and five months, with two years suspended.   *Id.* at 314–16.   Winston was sentenced on July 28, 2017, to three years in prison with one year suspended for the firearm conviction.   *Id.* at 335–36.   The court ordered that each of these sentences were to "run consecutively with all other sentences."   *Id.* at 315, 336.

**E.      Winston's direct appeals and state habeas petition**

Winston's notices of appeal to the Court of Appeals of Virginia on the drug convictions and the firearm conviction were dismissed on May 14, 2018, because no timely petitions for appeal were filed.   *Commonwealth v. Winston*, No. 1196-17-1 (Va. Ct. App. May 14, 2018), ECF No. 68-1; *Commonwealth v. Winston*, No. 1246-17-1 (Va. Ct. App. May 14, 2018), ECF No. 68-2.

Winston filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on March 8, 2018, challenging his drug convictions and firearm conviction.   ECF No. 68-3 at 1–2. The Virginia Supreme Court dismissed his habeas petition on August 13, 2018, and denied his petition for a rehearing on November 19, 2018.   *Winston v. Clarke*, No. 180324 (Va. Nov. 19, 2018), ECF Nos. 68-4, 68-5.

On July 10, 2018, while the habeas petition was pending in the Supreme Court of Virginia, the Court of Appeals of Virginia granted Winston leave to file a delayed appeal.   *Commonwealth v. Winston*, No. 1260-18-1 (Va. Ct. App. July 10, 2018), ECF No. 68-6.   Winston, represented by counsel, filed his delayed appeal on December 4, 2018.   ECF No. 68-7.

On July 10, 2019, the Court of Appeals of Virginia denied Winston's delayed direct appeal. ECF No. 68-8.   The Supreme Court of Virginia refused his delayed direct appeal on April 1, 2020. ECF No. 68-10.

**F.     Winston's federal habeas petition and motions**

While the delayed appeal was pending before the Court of Appeals of Virginia, Winston

filed his federal petition for a writ of habeas corpus in this Court on October 30, 2018.   ECF No.

1.    On March 4, 2019, respondent filed a Rule 5 answer and motion to dismiss with a

memorandum in support.   ECF Nos. 12–14.   On June 20, 2019, the motion to dismiss was denied,

and the case was stayed pending exhaustion of state proceedings.   ECF No. 31.   Winston was

released from custody on these charges on December 31, 2019.   ECF No. 68 at 3.

Winston filed the pending amended petition for a writ of habeas corpus on July 20, 2020.

ECF No. 59.   Winston presents the following grounds for relief:

  (1)     he was the victim of:

    (a)     vindictive prosecution, and
    (b)     vindictive actions by the trial court;[3]

  (2)     he was the victim of selective prosecution;

  (3)     his rights under the Double Jeopardy Clause were violated; and,

  (4)     the Virginia Department of Corrections ("VDOC") violated court orders
          when executing his sentences.

ECF No. 59 at 6–11.

On July 31, 2020, and August 7, 2020, Winston filed motions for temporary restraining

order.   ECF Nos. 63–64.   In the two motions, Winston makes the following requests:

  I request that this Court issue a TRO against any and all state employees, agency,
  and for any private person working with or for the state to keep the petitioner in
  custody, until the conclusion of these proceedings, or until provided a hearing
  before this Court.

---

[3] Winston's claim of vindictive actions by the trial court is contained in ground 2 of his federal
petition under the heading selective prosecution.   *See* ECF No. 59 at 8.   The Court will follow
the numbering assigned in respondent's brief to avoid confusion.   *See* ECF No. 68 at 4.

ECF No. 63 at 2.

> I would request that the state, it's [sic] officials, and any entity or person working in cooperation with them in the detention or supervision of the petitioner be immediately restrained in the[ir] dut[ies] until otherwise directed by this Court, unless the petitioner is witnessed by law enforcement commiting [sic] a crime.

ECF No. 64 at 6.

Respondent filed a second motion to dismiss the petition, along with a supporting memorandum on August 24, 2020. ECF Nos. 67–68. Winston filed a response to the motion to dismiss on September 9, 2020. ECF No. 72.

On September 18, 2020, Winston filed a motion for judgment. ECF No. 73. Winston asserts he was the victim of entrapment resulting in his arrest in 2020, and that he is being unconstitutionally held without bond. *Id.* at 3–5. The motion appears unrelated to the amended petition at issue in this case.

On December 14, 2020, Winston filed a third motion for temporary restraining order. ECF No. 94. Winston seeks an "immediate release order, and a cease of supervision by the State, until the conclusion of the proceedings." *Id.* at 1.

## II.     ANALYSIS

A.    **Winston's grounds 1(b) and (2) are simultaneously exhausted and procedurally defaulted.**

In ground 1(b), Winston asserts the trial judge vindictively sought to thwart Winston's efforts to be heard on his speedy trial claim, "stat[ing] his selective and vindictive reasons during [Winston's] sentencing." ECF No. 59 at 8, 18. In ground 2 (labeled selective prosecution),

Winston asserts the Commonwealth's Attorney *nolle prosequied* his charges to hide the fact that, after several continuances, they never sent evidence off for DNA testing.  *Id.* at 8, 17.[4]

Before addressing Winston's claims, the Court must determine whether Winston exhausted his remedies in state court, *see* 28 U.S.C. § 2254(b), and determine if such claims were procedurally defaulted in state court, *see Fisher v. Angelone*, 163 F.3d 835, 844, 851 (4th Cir. 1998).   A federal court cannot grant a writ of habeas corpus to a person in custody pursuant to a state court judgment unless that person "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).   A federal habeas claim is not exhausted if it has not been "fairly presented" to the highest state court.  *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (2000)).   The exhaustion doctrine ensures that state courts have a meaningful opportunity to consider claims alleging constitutional violations before those claims are presented to a federal court.  *Rose v. Lundy*, 455 U.S. 509, 515 (1982).   The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991).   Exhaustion may be achieved either through direct appeal or in post-conviction proceedings.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)).

---

[4] In his state habeas petition, Winston asserts that he was "prosecuted selectively and vindictively."  ECF No. 68-3 at 4.  Winston does not argue in his state habeas petition that the Commonwealth *nolle prosequied* charges to hide the fact that DNA was not sent off to the lab, the argument for selective prosecution contained in his federal petition.  *See* ECF No. 59 at 8, 17. This argument has not been fairly presented to the state court.  *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (holding that to satisfy the fair presentation requirement, petitioner must present the facts relied upon in federal court to the state court "face-up and squarely" (citation omitted)), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011).

Winston's grounds 1(b) and 2 have not been presented to the Supreme Court of Virginia on direct appeal or collateral review (habeas proceedings).[5] This does not, however, end the exhaustion inquiry. Instead, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288; *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (describing the procedural default doctrine as a "distinct but related limit on the scope of federal habeas review"). Simultaneous exhaustion and procedural default occur "when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). In that instance, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the

---

[5] In his opposition to the motion to dismiss, Winston asserts that he did raise ground 1(b) in his state habeas petition and references a paragraph in his state petition. ECF No. 72 at 1, 4; *see* ECF No. 68-3 at 6. Towards the end of the referenced paragraph (which argues prosecutorial vindictiveness), Winston states, "[t]hen in indictment CR16-1001 you can tell that I was being prosecuted for my choice of defense by the judge[']s actions, and his statement at sentencing." ECF No. 68-3 at 6. To the extent this statement could be construed as raising the issue of vindictive actions by the trial court before the Supreme Court of Virginia, the record does not support Winston's claim. When Winston was given the opportunity to speak during his sentencing hearing on the drug convictions (No. CR16-1001), held July 14, 2017, Winston asserted his convictions were in violation of his right to speedy trial. Direct Indict. R. at 872–76, 878–80. The trial judge indicated that he, and another judge of the court, had previously ruled on Winston's speedy trial claim, and that Winston could appeal the decisions to the Court of Appeals of Virginia. *Id.* at 873; *see also id.* at 754–69 (speedy trial hearing); *id.* at 822–35 (speedy trial hearing). The trial judge further stated, "[i]f you spent half as much time studying your responsibilities to society as you have studied your rights, you wouldn't be where you are today." *Id.* at 880. The trial judge sentenced Winston to the lowest possible sentence within the guideline range. *See id.* at 308, 881. The record does not support Winston's argument that the trial judge acted vindictively and punished Winston for his choice of defense.

9

conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." *Baker*, 220 F.3d at 288 (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

Before finding a procedural default, it must be "clear" that the pertinent claims are now procedurally barred based upon a state law providing an independent and adequate ground for dismissal. *Gray*, 518 U.S. at 161 (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *Breard*, 134 F.3d at 619 (citing *Coleman*, 501 U.S. at 731–32). "A state procedural rule is adequate if it is regularly or consistently applied by the state courts." *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). A state procedural rule "is independent if it does not depend on a federal constitutional ruling." *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Any attempt by Winston to file a new state petition for a writ of habeas corpus raising grounds 1(b) and 2 would be barred as successive under Virginia Code § 8.01-654(B)(2). *See Pope v. Netherland*, 113 F.3d 1364, 1372 (4th Cir. 1997) (holding that the successive petition rule in Virginia Code § 8.01-654(B)(2) is an adequate and independent state law ground barring federal habeas review). Thus, these claims can be treated as simultaneously exhausted and procedurally defaulted because they would be procedurally barred under state law if Winston attempted to present the claims to the state court. *Baker*, 220 F.3d at 288. "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Id.* (citation and quotation marks omitted).

10

**B.   Winston's ground 1(a) is procedurally defaulted as the state court dismissed this claim pursuant to a state procedural rule.**

In ground 1(a), Winston alleges vindictive prosecution. ECF No. 59 at 6. Winston argues that, on the day of his circuit court bench trial for the firearms charges appealed from general district court, the prosecutor told his attorney that Winston could either plead guilty to the misdemeanor charge of carrying a concealed weapon or she would *nolle prosequi* the charges and reindict. *Id.* at 6, 17. Winston further asserts that, when Winston refused to plead guilty, the trial court granted the Commonwealth's motion to *nolle prosequi* the charges without Winston present in the courtroom.[6] *Id.* The Commonwealth then sought new indictments on the firearms charges, adding a charge for disorderly conduct. *Id.*

In his delayed direct appeal, Winston listed vindictive prosecution in one of his assignments of error, ECF No. 68-7 at 13, and the state court denied the claim based on a state procedural rule, ECF No. 68-8 at 6–7. "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman*, 501 U.S. at 731–32).

The Supreme Court of Virginia refused Winston's delayed direct appeal in a short order, and, therefore, the Court will look to the decision of the Court of Appeals of Virginia for the state court ruling. *See Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996) ("[W]here several of a

---

[6] The order entered on October 29, 2015, indicates Winston was present in the courtroom with his attorney, Joseph C. Lindsey. GDC Appeal R. at 73. The order further states Winston was "remanded to custody for release." *Id.*

11

state's courts have ruled on a claim, we look to the last state court decision in the case to determine whether it did, in fact, rely on . . . a state procedural bar.   To do this, we may 'look through' later, unreasoned, summary dispositions, and focus on the last *reasoned* state decision." (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).   The Court of Appeals of Virginia dismissed Winston's vindictive prosecution claim citing Rule 5A:20(e) of the Rules of the Supreme Court of Virginia, which requires the opening brief to contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."   ECF No. 68-8 at 6–7. The court explained that, while Winston listed vindictive prosecution as one of many reasons his motion to dismiss the charges in the trial court should have been granted,[7] he addressed only the double jeopardy claim in his argument in support of the assignment of error.   *Id.* at 6.   The court found that Winston did not provide argument, cite to the factual record, or cite to any legal authority in support of his vindictive prosecution claim and four other claims listed in his assignment of error.   *Id.* Consequently, the court found that Winston had only preserved his double jeopardy argument.   *Id.* at 7.

The state court's reliance on Rule 5A:20(e) to dismiss Winston's claim is an adequate and independent state procedural rule, that bars federal review of the claim.   *See Harvey v. Booker*, No. 7:19cv596, 2020 WL 5778792, at *3 (W.D. Va. Sept. 28, 2020) (finding Rule 5A:20(e) of the Rules of the Supreme Court of Virginia is "regularly enforced by the Virginia courts" and "an independent and adequate state ground for the dismissal of [the petitioner's] constitutional claim");

---

[7] In his delayed direct appeal, Winston argued the trial court erred by "denying [his] *pro se* motions to dismiss all of the charges based on [his] allegations of vindictive prosecution, pre-accusational delay, lack of due process granted by the United States Constitution . . . , violation of the statute of limitation of prosecutions . . . , collateral estoppel, and double jeopardy."   ECF No. 68-7 at 13.

*Kinnard v. Kelly*, No. 1:09cv1115, 2010 WL 11530402, at *2 n.1 (E.D. Va. 2010) (finding a claim refused for failure to comply with Rule 5A:20(e) procedurally defaulted); *cf. Mueller v. Angelone*, 181 F.3d 557, 584 (4th Cir. 1999) (finding the state procedural bar for failing to comply with Rule 5:17(c) and brief issues designated as assignments of error was an adequate and independent bar foreclosing federal review of the claim).   Therefore, ground 1(a), alleging vindictive prosecution, is procedurally defaulted.

**C.     No cause exists to excuse Winston's procedural default in grounds 1 and 2, and Winston has not claimed actual innocence.**

A petitioner may overcome procedural default and obtain federal merits review if he can "demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice."   *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (first citing *Coleman*, 501 U.S. at 750, and then citing *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)).   To show cause to excuse a procedural default, a petitioner must establish that some "objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule."   *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see Coleman*, 501 U.S. at 753 (noting that a factor external to the defense is one that "cannot fairly be attributed to" the prisoner).[8]

---

[8] The Supreme Court in *Martinez v. Ryan* ruled that the ineffective assistance of counsel, or the lack of counsel, during an initial-review collateral proceeding may constitute justifiable cause for procedural default in certain circumstances.   566 U.S. 1, 9, 14, 17 (2012); *see also Davila v. Davis*, 137 S. Ct. 2058, 2065–66 (2017) (noting that the narrow exception carved out by *Martinez* allows the ineffective assistance of postconviction counsel to constitute cause to surmount default on a single claim—the ineffective assistance of trial counsel—in states that only allow such claims to be brought in state postconviction proceedings).   The exception identified in *Martinez* has no application to Winston's grounds 1 and 2 as these grounds do not claim ineffective assistance of counsel.

Further, as the Supreme Court explained,

> a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons."

*McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

In his amended federal petition, Winston has not alleged any cause for his procedural default. *See* ECF No. 59. Further, Winston has not alleged that he is actually innocent of the offenses for which he was convicted. *Id.*

**D.     Winston is not entitled to habeas relief on grounds 3 and 4, which were denied on the merits by the state court.**

When a claim has been properly exhausted and adjudicated on the merits in state court, this Court assesses the state court adjudication pursuant to 28 U.S.C. § 2254(d), rather than reviewing the merits of such a claim *de novo*. Section 2254(d) provides that a federal court may not grant relief on any claim that was adjudicated on its merits in state court, unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A state court decision is "contrary to" clearly established federal law when a state court applies a rule different from the governing law articulated by the United States Supreme Court or arrives at a conclusion opposite that of the Supreme Court on materially indistinguishable facts.

14

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (citation omitted); *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).   A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case.   *Williams*, 529 U.S. at 413; *see Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that an unreasonable "application of clearly established law must be objectively unreasonable," rather than simply "incorrect or erroneous").   Stated differently, a "prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

"For a state court's factual determination to be unreasonable under [section] 2254(d)(2), it must be more than merely incorrect or erroneous.   It must be sufficiently against the weight of the evidence that it is objectively unreasonable." *Winston v. Kelly*, 592 F.3d 535, 554 (4th Cir. 2010) (citation omitted).   Pursuant to this deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 389.

### 1.   Ground 3—Double Jeopardy

In ground 3, Winston asserts his constitutional rights were violated when the Commonwealth prosecuted him in general district court for possession of a concealed weapon, *nolle prosequied* the circuit court charges stemming from his appeal of the general district court charges, and brought a new indictment for the same handgun offense with an added charge.   ECF No. 59 at 9, 17–18.

Winston raised his double jeopardy claim during his delayed direct appeal, and the Court

of Appeals of Virginia addressed the claim on the merits, stating:

> At the December 14, 2016 hearing on appellant's motion, appellant stated that he was arrested for the misdemeanor offense of carrying a concealed weapon on October 18, 2014, and convicted in district court of the offense on November 24, 2014. Appellant appealed the district court conviction to the circuit court, and the Commonwealth later *nolle prosequied* the charge. Thereafter, he was directly indicted for the concealed weapon misdemeanor, brandishing a firearm, and also for the felony offense of possession of a firearm by a convicted felon. On appeal, appellant asserts that "he was tried already on the gun charges from this same event; so, the present gun charges should be collaterally estopped from prosecution by direct indictment."

> "If the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others." Code § 19.2-294. "Like the Fifth Amendment bar of former jeopardy, Code § 19.2-294 prevents the Commonwealth from subjecting an accused to the hazards of vexatious, multiple prosecutions." *Londono v. Commonwealth*, 40 Va. App. 377, 393 (2003) (quoting *Phillips v. Commonwealth*, 257 Va. 548, 551–52 (1999)). Essential to a double jeopardy argument is the fact that a predicate offense exists for the same conduct. Here, appellant ultimately was tried *and* convicted of only one gun charge, specifically, the possession of a firearm by a non-violent felon. He was neither tried nor convicted of any other charge stemming from the conduct that gave rise to the felony conviction. Therefore, there is no merit to appellant's double jeopardy argument.

ECF No. 68-8 at 7–8.

The court continued in a footnote, stating:

> Once appellant appealed the initial misdemeanor conviction for possession of a concealed weapon to the circuit court, that conviction became a nullity. *See Leonard v. Commonwealth*, 66 Va. App. 270, 292 (2016) (observing that proceedings in the general district court are rendered nullities when a party files an appeal to the circuit court and the new trial commences *de novo*), *rev'd on other grounds*, 294 Va. 233 (2017). Even if the trial court did not enter a *nolle prosequi* on that charge, appellant's argument would still fail under *Blockburger v. United States*, 284 U.S. 299 (1932). The *Blockburger* Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304. The *Blockburger* test (or the same-elements test) places the focus of the analysis on the

16

proof necessary to prove the statutory elements of each offense, instead of the actual evidence to be presented at trial. *Id.* If each statute requires proof of a fact that the other does not, they constitute separate offenses, "notwithstanding a substantial overlap in the proof offered to establish the crimes." *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975). Here, to sustain appellant's conviction of carrying a concealed handgun, the Commonwealth had to prove that appellant carried a handgun "about his person, hidden from common observation," without legal authorization to do so. Code § 18.2-308. That conviction did not require proof that appellant was a convicted felon. Conversely, to establish appellant's guilt in this case of violating Code § 18.2-308.2, the Commonwealth had to prove that he previously had "been convicted of a felony" and that he "knowingly and intentionally possesse[d] or transport[ed] any firearm." Code § 18.2-308.2. The Commonwealth was not required to prove that the handgun in appellant's possession was concealed, and therefore, under *Blockburger*, appellant's argument would fail notwithstanding the *nolle prosequi* of the misdemeanor charge of carrying a concealed weapon.

*Id.* at 8 n.2.

The Double Jeopardy Clause of the Fifth Amendment to the Constitution guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This clause, as applied to states via the Due Process Clause of the Fourteenth Amendment, "protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982) (citation omitted). In determining whether offenses are the same, "[t]he same-elements test, sometimes referred to as the '*Blockburger*' test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *United States v. Blockburger*, 284 U.S. 299, 304 (1932)).

"*Nolle prosequi*, if entered before jeopardy attaches, neither operates as an acquittal nor prevents further prosecution of the offense." *Bucolo v. Adkins*, 424 U.S. 641, 642 (1976); *see also Cantrell v. Commonwealth*, 373 S.E. 2d 328, 333 (Va. Ct. App. 1988) (citing *Bucolo* and

finding "the entry of a *nolle prosequi* did not bar reindictment and reprosecution"), *abrogation on other grounds recognized by Carson v. Commonwealth*, 404 S.E.2d 919, 501 (Va. Ct. App. 1991). With respect to appeals from general district court, "[e]ven after an appeal to the circuit court is perfected, annulling the conviction in the district court, jeopardy does not attach in a bench trial in circuit court until the court begins to hear evidence." *Kenyon v. Commonwealth*, 561 S.E.2d 17, 20 (Va. Ct. App. 2002) (citations omitted). Once a defendant is charged and convicted in general district court, however, the Commonwealth cannot punish the defendant for his choice to appeal the conviction by charging a more serious offense in circuit court. *See Turner v. Commonwealth*, 641 S.E.2d 771, 773 (Va. Ct. App. 2007) (holding a trial on the same charges in circuit court following an appeal from the general district court does not violate double jeopardy, but the Commonwealth can prosecute "for no greater charge than the conviction appealed").

First, it was not double jeopardy for Winston to be prosecuted in circuit court for the firearms charges following his appeal from general district court. The Court notes that while Winston was convicted of the misdemeanor offenses of carrying a concealed firearm and brandishing a firearm in general district court, he was also charged with the felony offense of possession of a firearm after being convicted of a non-violent felony and appealed following his preliminary hearing on that charge. Accordingly, following his appeal to the circuit court, he was not charged with more serious offenses than those prosecuted in general district court.

On the day originally set for Winston's bench trial on his appeal from the general district court, October 29, 2015, the Commonwealth *nolle prosequied* the appealed misdemeanor charges (brandishing a firearm and carrying a concealed weapon), as well as the felony charge (possession of a firearm by a convicted felon). GDC Appeal R. at 73. Winston was reindicted on these

charges, with the addition of a disorderly conduct charge, on November 4, 2015. Direct Indict. R. at 1–6. The *nolle prosequi* of Winston's appealed charges did not bar reindictment on those charges.

When the case was assigned to ACA Haugh, he sought to prosecute Winston for possession of a concealed firearm by a felon, but *nolle prosequied* that charge after learning the history of the case—that Winston was originally charged in general district court and appealed to circuit court. GDC Appeal R. at 174.

Ultimately, as addressed in the state court's decision, Winston was convicted and sentenced for one firearm offense, possession of a firearm by a non-violent felon. Further, the state court's analysis of the elements required to prove the concealed weapons charge and the possession of a firearm by a non-violent felon charge, is consistent with the clearly established Supreme Court precedent in *Blockburger*.

In deciding Winston's double jeopardy claim, the state court did not unreasonably apply established federal law, and Winston's double jeopardy claim, ground 3, should be **DENIED**.

### 2.    Ground 4—Violation of State Court Orders

In ground 4, Winston alleges the VDOC acted in contempt of court when executing his sentences. ECF No. 59 at 11, 19. Winston argues that he should have been released following his sentencing on the firearm conviction on July 28, 2017, until the expiration of the thirty days during which his sentence on the drug convictions had been suspended pending his appeal. *Id.*

Winston raised a similar claim in his state habeas petition, and the Supreme Court of Virginia addressed the claim, stating:

> The record, including the sentencing transcripts, the affidavit from James E. Park, Director of Offender Management Services for the Department of Corrections, a

19

March 22, 2018 sentence summary audit, and the sentencing order, demonstrates the circuit court held a sentencing hearing for petitioner on July 14, 2017 and entered a sentencing order on September 7, 2017. Because petitioner expressed a desire to appeal his convictions for possession of cocaine and distribution of a Schedule II controlled substance, the circuit court suspended execution of the sentences for thirty days. At the time, petitioner was also subject to detention for the charge of possession of a firearm as a non-violent felon, for which the court held a sentencing hearing on July 28, 2017. Accordingly, petitioner was not subject to release following the July 14, 2017 sentencing hearing.

ECF No. 68-4 at 2.

In his state habeas petition, Winston referenced his "concurrent sentences" and argued the time he served prior to July 28, 2017, satisfied both of his sentences and that he should have been released from custody on July 28, 2017. ECF No. 68-3 at 7–8. The Supreme Court of Virginia denied the claim, stating:

> The Court holds this claim is without merit. The record, including the sentencing transcripts, Park's affidavit, the March 22, 2018 sentence summary audit, and the sentencing orders, demonstrate the circuit court held sentencing hearings for petitioner on July 14 and July 28, 2017, and ordered each of petitioner's sentences to run consecutively.

ECF No. 68-4 at 2.

Winston does not argue in his federal petition that he should have been released following his sentencing held on July 14, 2017, nor that he satisfied his sentences prior to the sentencing hearing held on July 28, 2017. *See* ECF No. 59 at 11, 19; ECF No. 72 at 4. Instead, Winston argues that he should have been released on July 28, 2017, until the balance of the thirty-day suspension of his drug sentences was completed. *Id.* Winston asserts that he served 30 months prior to his July 14, 2017, sentencing hearing on the drug convictions. ECF No. 59 at 11, 19. The trial judge suspended the sentence imposed on those convictions for thirty days due to counsel's indication that the judgment would be appealed. Direct Indict. R. at 315. At his sentencing hearing on the firearm conviction held July 28, 2017, Winston asserts that he received

20

a two-year active sentence with credit for time served, which exceeded two years.   ECF No. 59 at

11, 19.   As a result, Winston asserts he should have been released on July 28, 2017, until the

expiration of the thirty days during which his sentence on the drug convictions was suspended.

*Id.* at 11 ("[W]hen I was sentenced to 2 years, two weeks later, I should have been released until

the expiration of [the] 30 days order.").

The record does not support Winston's claim.   Under Virginia Code § 19.2-319, the trial

court has the discretion to grant or deny bail following sentencing pending appeal.   "In any case

after conviction if the sentence, or the execution thereof, is suspended in accordance with this

section, . . . the court, or the judge thereof, may . . . set bail in such penalty and for appearance at

such time as the nature of the case may require . . . ."   Va. Code Ann. § 19.2-319.

At the conclusion of Winston's sentencing on the drug convictions, he asked, "[i]s it

possible that I could get a bond on my violation?" to which the judge responded, "[n]o."   Direct

Indict. R. at 881.   Winston had a pending probation violation, which was raised during his

sentencing on the drug convictions and addressed during his sentencing on the firearm conviction.

*Id..* at 867–68, 973–76, 979–80.   This is the only request for bail made at either of Winston's

sentencing hearings.   Winston bore the burden of proving he was entitled to bond pending his

appeal.   *See Askew v. Commonwealth*, 638 S.E.2d 118, 123 (Va. Ct. App. 2006) ("[T]he ultimate

burden of proof on entitlement to bail [following sentencing] is upon the prisoner and not the

Commonwealth." (*quoting Commonwealth v. Smith*, 337 S.E.2d 278, 279 (Va. 1985))).   Winston,

who violated the terms of his probation prior to his sentencing hearings, did not prove his

entitlement to bail, and the record reflects that the circuit court did not set bail pursuant to Virginia

Code § 19.2-319.   Neither sentencing order indicates Winston was to be released on bail pending

his appeal. *See* Direct Indict. R. at 314–16, 335–36. In denying Winston's claim, the Supreme Court of Virginia did not unreasonably apply clearly established federal law, nor base its decision on an unreasonable determination of the facts. Accordingly, Winston's ground 4, alleging that the VDOC violated his sentencing orders by not releasing him following his July 28, 2017 sentencing, should be **DENIED**.

The Court further recommends that Winston's motions for temporary restraining orders, ECF Nos. 63, 64, 94, seeking release from custody or supervision pending the conclusion of these proceedings, be **DENIED**. Lastly, the Court recommends that Winston's motion for judgment seeking relief from his arrest in 2020 on charges unrelated to the convictions attacked in this petition be **DENIED**.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's second motion to dismiss, ECF No. 67, be **GRANTED**, Winston's motions for temporary restraining order, ECF Nos. 63, 64, 94, be **DENIED**, Winston's motion for judgment, ECF No. 73, be **DENIED**, and that Winston's petition be **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d)

of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.  *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

      2.    A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

      The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

_____

Robert J. Krask
United States Magistrate Judge

_____

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December *23* , 2020

## **Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondent and was

mailed this date to:


LeAnthony T. Winston, #977597
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219



Fernando Galindo, Clerk

By_____/s/ J. L. Meyers_____
Deputy Clerk

_____December 23_____, 2020

24