# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

LEANTHONY T. WINSTON, #977597,

        Petitioner,

v.

                                     Action No. 2:18cv577
                                     Consolidated Action No. 2:20cv423

HAROLD W. CLARKE,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on a supplemental motion to dismiss LeAnthony Winston's ("Winston") *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Winston's motion for a temporary restraining order or preliminary injunction, motion for declaratory judgment, and motion pursuant to Rule 60(b). The matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's supplemental motion to dismiss, ECF No. 122, be **GRANTED**, Winston's amended petition, ECF No. 59, be **DISMISSED WITH PREJUDICE**, and Winston's motion for a temporary restraining order or preliminary injunction, ECF No. 127, motion for declaratory judgment, ECF No. 128, and motion pursuant to Rule 60(b), ECF No. 129, be **DENIED**.

## I.  STATEMENT OF THE CASE

Winston, previously a Virginia inmate,[1] submitted an amended *pro se* habeas petition, pursuant to 28 U.S.C. § 2254 on July 20, 2020.  ECF No. 59.  Winston alleges his federal rights were violated when he was prosecuted in the Circuit Court for the City of Norfolk between 2014 and 2016 for offenses occurring on October 18, 2014.  *Id.*  Specifically, Winston challenges his convictions for distribution of a Schedule II narcotic substance and possession of cocaine ("drug convictions"), for which he was sentenced on July 14, 2017, to five years and five months, with two years suspended.  *Commonwealth v. Winston*, Nos. CR 16001001-00, -01 (Va. Cir. Ct. July 14, 2017).  Winston also challenges his conviction for possession of a firearm by a non-violent felon ("firearm conviction"), for which he was sentenced on July 28, 2017, to three years in prison with one year suspended.  *Commonwealth v. Winston*, No. CR 15002834-00 (Va. Cir. Ct. July 28, 2017).

For a summary of Winston's state court proceedings, including his direct appeal and habeas appeal, see the report and recommendation entered December 23, 2020.  ECF No. 95 ("December R&R").

Winston listed four grounds for relief in his amended form petition—vindictive prosecution, selective prosecution, double jeopardy, and contempt of court.  ECF No. 59, at 6–11.  At the top of the four handwritten pages following Winston's form petition, Winston states, "Additional Claims CR15-2834 selective & vindictive prosecution, double jeopardy, plain error, prosecutorial misconduct, pre[-]accusational delay, discrimination, speedy trial, beyond a

---

[1] At the time Winston filed his original petition in this case, he was a Virginia inmate.  Winston is currently a federal prisoner.

reasonable doubt clause, and ineffective counsel, as well as due process." ECF No. 59, at 17. The rest of the four handwritten pages contain Winston's recitation of the facts surrounding his firearm conviction, his drug convictions, and his prison conditions, without numbering or separately identifying the claims to which the information applies.[2] *Id.* at 17–20.

The Court granted respondent's second motion to dismiss the petition, ECF No. 67, and dismissed Winston's amended petition on February 19, 2021. ECF No. 102. The United States Court of Appeals for the Fourth Circuit dismissed Winston's appeal of that order finding the Court failed to address all claims raised in Winston's amended petition, remanding for consideration of the unresolved and unnumbered claims, and referencing "prosecutorial misconduct, discrimination, violation of his speedy trial and due process rights, and ineffective assistance of counsel." ECF No. 111, at 2.

Pursuant to the Court's order following remand, respondent filed a supplemental motion to dismiss the amended petition on March 6, 2023. ECF No. 122. Parsing each sentence of the four handwritten pages, the respondent labelled the potential claims as "A" through "J." ECF No. 123, at 4–5. The Court adopts respondent's listing of the grounds for ease of reference.

In his unnumbered grounds, Winston asserts the following entitle him to relief:

A.    that he was the subject of prosecutorial misconduct in the form of vindictive prosecution due to the prosecutor informing his attorney that Winston could either plead guilty to a misdemeanor charge of carrying a concealed weapon or she would *nolle prosequi* the charges and reindict him (ECF No. 59, at 17);

B.    that he received ineffective assistance of counsel where counsel waived his appearance and permitted the entry of a *nolle prosequi* without Winston being present (ECF No. 59, at 17);

---

[2] This information followed the four numbered claims identified by Winston, which the Court previously addressed as noted below.

3

C.     that he was the subject of vindictive prosecution where the prosecution reindicted Winston following the *nolle prosequi* with the addition of a disorderly conduct charge (ECF No. 59, at 17);

D.     that the prosecutor committed misconduct by destroying evidence by performing a "NIBBIN test" that would make DNA irretrievable (ECF No. 59, at 18);

E.     that there was insufficient evidence to convict Winston of possession of a firearm by a felon as no one testified to seeing Winston with a firearm (ECF No. 59, at 18);

F.     that the court violated his speedy trial rights with respect to his drug convictions as he objected to every continuance (ECF No. 59, at 18);

G.     that the court discriminated against him by "thwart[ing]" Winston's "every effort to be heard and defend [his] right to a speedy trial," stating the "selective and vindictive reasons" during Winston's sentencing (ECF No. 59, at 18);

H.     that the prosecutor committed misconduct by expressing "personal" opinions about Winston that were outside the scope of the evidence during his sentencing (ECF No. 59, at 19);

I.     that the Virginia Department of Corrections discriminated against him by subjecting him to hardship for participating in "certain types of religious exercise" (ECF No. 59, at 19); and

J.     that the Virginia Department of Corrections retaliated against him "for legal activity" (ECF No. 59, at 20).[3]

Winston filed a response to the supplemental motion to dismiss on March 22, 2023.   ECF No. 126.

## II.   ANALYSIS

As detailed below, Winston fairly presented ground E, alleging insufficient evidence for the firearm conviction, to the Supreme Court of Virginia in his direct appeal, exhausting his state

---

[3] Although Winston states he is alleging the additional claims of "selective & vindictive prosecution, double jeopardy, plain error, prosecutorial misconduct, pre[-]accusational delay, discrimination, speedy trial, beyond a reasonable doubt clause, and ineffective counsel, as well as due process" at the top of the four handwritten pages, all arguments made in those pages are encompassed in grounds A through J.   ECF No. 59, at 17–20.

remedies.   The state court's decision to dismiss this claim on the merits is entitled to deference.

Grounds I and J, challenging actions of the Virginia Department of Corrections during Winston's incarceration, are not cognizable in a petition for a writ of federal habeas corpus.

Winston failed to fairly present grounds A through D and F through H to the Supreme Court of Virginia, and the grounds are simultaneously exhausted and procedurally defaulted as Winston would now be precluded from bringing these grounds in state court due to the state statute of limitations and prohibition on successive petitions.   Winston has failed to show cause and prejudice sufficient to excuse his procedural default of these grounds.

**A.     Winston exhausted his state court remedies with respect to ground E by fairly presenting the ground to the Supreme Court of Virginia, and the state court decision denying the claim is entitled to deference.**

A federal court cannot grant a writ of habeas corpus to a person in custody pursuant to a state court judgment unless that person "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).   The exhaustion doctrine ensures that state courts have a meaningful opportunity to consider claims alleging constitutional violations before those claims are presented to a federal court. *Rose v. Lundy*, 455 U.S. 509, 515 (1982).   To be exhausted, a claim must have been fairly presented to the highest state court, with the relevant operative facts and legal theories provided. *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991).   Fair presentation means that a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).   Fair presentation does not require that the highest state court decide a properly presented issue, just that it have a chance to do so. *See Baker v. Corcoran*, 220 F.3d 276, 291 (4th Cir. 2000).

Winston exhausted ground E, alleging insufficient evidence to support his firearm conviction, by fairly presenting the ground to the Supreme Court of Virginia in his direct appeal. ECF No. 68-7, at 41–43.

### 1.   Section 2254 provides the standard of review for habeas claims adjudicated in state court.

When a claim has been properly exhausted and adjudicated on the merits in state court, this Court assesses the state court adjudication pursuant to 28 U.S.C. § 2254(d), rather than reviewing the merits of such a claim *de novo*.  Section 2254(d) provides that a federal court may not grant relief on any claim that was adjudicated on its merits in state court, unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A state court decision is "contrary to" clearly established federal law when a state court applies a rule different from the governing law articulated by the United States Supreme Court or arrives at a conclusion opposite that of the Supreme Court on materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 404–06 (2000)). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case.  *Williams*, 529 U.S. at 413 (O'Connor, J., concurring); *see Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that the "application of clearly established law must be objectively unreasonable," rather than simply "incorrect or

erroneous").   In other words, a "prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

"For a state court's factual determination to be unreasonable under [section] 2254(d)(2), it must be more than merely incorrect or erroneous.   It must be sufficiently against the weight of the evidence that it is objectively unreasonable." *Winston v. Kelly*, 592 F.3d 535, 554 (4th Cir. 2010) (internal citation omitted).   The "federal court must conclude not only that the state court's determination was wrong, but that it was *unreasonable* in light of the evidence presented, that is, it is not 'debatable among jurists of reason.'" *Crockett v. Clarke*, 35 F.4th 231, 241 (4th Cir. 2022) (quoting *Merzbacher v. Shearin*, 706 F.3d 356, 368 (4th Cir. 2013)).

> ### 2.   The state court's decision to dismiss ground E, alleging insufficient evidence to convict Winston of being a felon in possession of a firearm, is entitled to deference.

Winston asserts, "[t]hen on 1/4/2017 they nolle processed all the other charges but the firearm by felon, and tried and convicted me of that without anyone who testified to seeing me with a firearm." ECF No. 59, at 18.   This sufficiency of the evidence claim was raised during Winston's direct appeal.   *See* ECF No. 68-7, at 41–43.   The Court of Appeals of Virginia denied Winston's insufficiency claim on the merits.   ECF No. 68-8, at 8–11.

The Court of Appeals of Virginia summarized the evidence relating to Winston's possession of a firearm and determined the evidence was sufficient to prove beyond a reasonable doubt that Winston was guilty of possession of a firearm by a convicted felon:

> On October 18, 2014, Officers Matthew Nordan and A.M. Cryderman traveled to the Beach Pub, a bar in Norfolk, after they received a dispatch

7

concerning a reported disturbance there.   When they arrived, Sergeant Bailey was already on the scene and was conducting a pat-down search of appellant.   As Nordan approached, Bailey "stood up and passed [him] . . . a handgun."   Nordan gave the weapon and ammunition to Cryderman.   Nordan then handcuffed appellant and put him in the back of his patrol car.   Cryderman saw Bailey hand the gun to Nordan.   Cryderman took the gun from Nordan and secured it in the police car.   Cryderman got into the car with appellant to "gather" information on him and "run[] him in [the police system] and to see if he was a convicted felon."   Cryderman informed appellant that he was going to make a phone call to determine if appellant was a felon and as Cryderman began making the call, appellant "stated that [he] didn't even need to call, that he was a convicted felon . . . ."   Appellant also "stated specifically that it wasn't his gun, that it was his girl's and that he was just trying to keep it away from her."

Appellant testified that he told the police that his girlfriend "was claiming that that was her firearm, and [he] told them that [he] was holding her back, keeping her away from the firearm, that [he did not] have [any]thing to do with it."   He stated that he did not mean to suggest that he actually had possessed the weapon at any time.   Appellant confirmed that he was a convicted felon.   On cross-examination, appellant stated that he did not "know specifically where" the gun was, and he denied having possessed it.

Appellant argues that "there is no testimony that the firearm recovered was found in [his] possession . . . at the time of [his] arrest" and that "[t]here is no direct evidence to show that [he] was in possession of the firearm."

Here, appellant's conduct and his statement to the police that he was trying to keep his girlfriend away from the gun, combined with the officers' observations of Bailey handing the weapon to Nordan as he conducted the pat-down search, provided the trial court with sufficient evidence to conclude that appellant possessed the firearm that the police recovered at the scene.   "When considering the sufficiency of the evidence on appeal, 'a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."'"   *Hamilton v. Commonwealth*, 69 Va. App. 176, 195 (2018) (quoting *Crowder v. Commonwealth*, 41 Va. App. 658, 663 (2003)).   Instead, we ask only "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   *Maxwell v. Commonwealth*, 275 Va. 437, 442 (2008) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).   These principles recognize that an appellate court is "not permitted to reweigh the evidence," *Nusbaum v. Berlin*, 273 Va. 385, 408 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," *Haskins v. Commonwealth*, 44 Va. App. 1, 11 (2004).   Further, when a fact finder rejects a hypothesis of innocence, that decision is binding on appeal unless it was plainly wrong.   *See*

8

*Ervin v. Commonwealth*, 57 Va. App. 495, 519 (2011) (en banc) (explaining that a trier-of facts' rejection of a hypothesis of innocence is binding on appeal unless plainly wrong, even if the record contains some supporting evidence).

Further, the trial court was not required to accept appellant's testimony or protestations to the police.  "[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact." *Parham v. Commonwealth*, 64 Va. App. 560, 565 (2015).  It is the fact finder's exclusive duty to determine credibility because the fact finder has the "unique opportunity to observe the demeanor of the witnesses as they testify."  *Dalton v. Commonwealth*, 64 Va. App. 512, 525–26 (2015) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)).  Furthermore, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."  *Marable v. Commonwealth*, 27 Va. App. 505, 509–10 (1998).  Finally, appellant admitted he is a convicted felon.  "A person convicted of a felony or perjury shall not be incompetent to testify, but the fact of conviction may be shown in evidence to affect his credit."  Code § 19.2-269.

The record supports the trial court's conclusion that appellant knowingly possessed the firearm.  The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of possession of a firearm by a convicted felon.

*Id.*

The Supreme Court of Virginia refused Winston's direct appeal in a short order, and the Court will look to the Court of Appeals of Virginia's decision for the state court ruling.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 805–06 (1991); *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996).

The question for a federal court reviewing a habeas petition asserting insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Coleman v. Johnson*, 566 U.S. 650, 651 (2012).  Ultimately, habeas petitions that raise sufficiency of the evidence claims:

9

face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, 'it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.'

*Coleman*, 566 U.S. at 651 (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam)). "And second, on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.'" *Id.* (quoting *Cavazos*, 565 U.S. at 2 (internal quotations omitted)). Further, the reviewing federal court, "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326.

Guided by the standard established in *Jackson*, the Court has reviewed the record, including the trial transcript, to assess the reasonableness of the state court decision. The circumstantial evidence included Officer Nordan's testimony that, when he arrived at the scene, Sergeant Bailey was conducting a pat-down search of Winston, who was facing the wall with his hands spread against the wall. Officer Nordan testified that Sergeant Bailey was crouching down conducting the search, and after standing up, he passed Officer Nordan a handgun. Officer Cryderman testified that, when he informed Winston that he was calling to determine whether Winston was a felon, Winston stated that he was a convicted felon, that the gun was not his but his girlfriend's, and that he was just trying to keep the gun away from her. Consistent with *Jackson*, the state court properly viewed the evidence in the light most favorable to, and resolved conflicting

inferences in favor of, the state.   433 U.S. at 319; *see also* ECF No. 10-2, at 1 ("[W]hen reviewing

a challenge to the sufficiency of the evidence to support a conviction, an appellate court considers

the evidence in the light most favorable to the Commonwealth, the prevailing party below, and

reverses the judgment of the trial court only when its decision is plainly wrong or without evidence

to support it.   *Marshall v. Commonwealth*, 69 Va. App. 648, 652–53 (2019).").   The state court

did not unreasonably apply *Jackson* in determining a rational trier of fact could find the evidence

presented at trial sufficient to show beyond a reasonable doubt that Winston possessed the firearm.

Winston is therefore not entitled to habeas relief on his due process claim of insufficient evidence

in ground E.

**B.      Winston's grounds I and J do not challenge his conviction or sentence, and are not properly raised in a section 2254 habeas petition.**

Winston's claim that the Virginia Department of Corrections discriminated against him by

subjecting him to hardship for participating in "certain types of religious exercise" and retaliated

against him for his "legal activity" are not cognizable in a section 2254 petition as these claims

challenge the conditions of his confinement.[4]   ECF No. 59, at 19; *see also Wilborn v. Mansukhani*,

795 F. App'x 157, 163–64 (4th Cir. 2019) (holding claims challenging conditions of confinement

are not cognizable in habeas proceedings).   Accordingly, Winston is not entitled to relief on his

discrimination claims in grounds I and J.

---

[4] In the December R&R, the Court addressed Winston's claim, asserted along with this discrimination claim, that he should have been released on July 28, 2017, pending his appeal. ECF No. 95, at 19–22.

**C.**   **Winston's grounds A–D and F–H are simultaneously exhausted and procedurally defaulted.**

Winston has not properly exhausted grounds A through D and F through H before the Supreme Court of Virginia, and these claims are barred from federal review for one of the reasons below:   (1) Winston raised the claim in his direct appeal, the claim was denied because of Winston's failure to comply with Rule 5A:12 of the Rules of the Court of Appeals of Virginia, and the claim is procedurally defaulted; or (2) Winston failed to raise the claim in either his direct appeal or in his state habeas petition, and the claim is simultaneously exhausted and procedurally defaulted.

**1.**   **Winston raised grounds A, C, D, and F in his direct appeal and the grounds were dismissed due to Winston's failure to comply with Rule 5A:12 of the Rules of the Court of Appeals of Virginia.**

Winston's grounds A,[5] C, D, and F, asserting prosecutorial misconduct, vindictive prosecution, and violation of federal speedy trial rights, were raised in his direct appeal, and the claims were dismissed based on a state procedural rule.   ECF No. 68-7, at 13, 34–41; ECF No. 68-8, at 4–7.   "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman*, 501 U.S. at 731–32).   A state procedural rule is adequate if it is "regularly or consistently applied by the state courts." *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)).   A state

---

[5] In the December R&R, the Court addressed ground A.   ECF No. 95, at 11–13.   The report and recommendation mistakenly references Rule 5A:20(e) of the Rules of the Supreme Court of Virginia rather than Rule 5A:12(c) of the Rules of the Court of Appeals of Virginia.   *Id.*

procedural rule is independent "if it does not depend on a federal constitutional ruling." *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

The Supreme Court of Virginia refused Winston's direct appeal in a short order, and the Court will look to the Court of Appeals of Virginia's decision for the state court ruling. *See Ylst*, 501 U.S. at 805–06. The Court of Appeals of Virginia dismissed Winston's allegations of "vindictive prosecution, pre-accusational delay, lack of due process . . . [and] violation of the statute of limitation of prosecutions" made in his direct appeal citing Rule 5A:12 of the Rules of the Court of Appeals of Virginia because "[t]he petition for appeal does not contain any principles of law, argument, or citation to legal authorities or the record to fully develop [the] claims." ECF No. 68-8, at 6–7.

Similarly, while the Court of Appeals of Virginia denied Winston's state speedy trial claim on the merits,[6] ECF No. 68-8, at 4–6, the court did not address Winston's federal speedy trial claim, "[b]ecause [Winston did] not include any argument to support his constitutional speedy trial claim." *Id.* at 6 (citing *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) and then citing Rule 5A:12(c)).

The state court's reliance on Rule 5A:12 to dismiss Winston's claims is an adequate and independent state procedural rule, that bars federal review of the claims. *See Hedrick v. True*, 443 F.3d 342, 360–63 (4th Cir. 2006) (holding the analogous Supreme Court of Virginia

---

[6] To the extent that Winston is arguing in his amended federal petition that his state speedy trial rights were violated, the claim cannot be addressed on federal habeas corpus review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus does not lie for errors of state law"); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("It is not the province of a federal habeas court to reexamine state-court determinations on state law questions.").

Rule 5:17(c) outlining the elements a petition for appeal must contain,[7] is "firmly established" and failure to comply with the requirements is an adequate and independent state ground barring review of the claim in federal court); *Feather-Gorbey v. Clarke*, No. 2:20cv270, 2021 WL 1085451, at *5 (E.D. Va. Jan. 27, 2021), *report and recommendation adopted*, 2021 WL 1082478 (E.D. Va. Mar. 19, 2021), *appeal dismissed*, No. 21-6800, 2022 WL 13888650 (4th Cir. Oct. 24, 2022) (holding "[t]he state court's reliance on Rule 5A:12 to dismiss [petitioner's] claims is an adequate and independent state procedural rule, that bars federal review of the claims."). The decision by the Court of Appeals of Virginia was upheld by the Supreme Court of Virginia. Therefore, grounds A, C, D, and F, which were raised in Winston's direct appeal and dismissed for failure to comply with Rule 5A:12 of the Rules of the Court of Appeals of Virginia, are procedurally defaulted.

      **2.**      **Winston failed to fairly present grounds B, G, and H to the Supreme Court of Virginia in either his direct appeal or in his state habeas petition, and the grounds are simultaneously exhausted and procedurally defaulted.**

Winston failed to fairly present grounds B, G,[8] and H to the Supreme Court of Virginia.

"A claim that has not been presented to the highest state court nevertheless may be treated as

---

[7] Rule 5A:12 of the Rules for the Court of Appeals of Virginia and Rule 5:17(c) of the Rules for the Supreme Court of Virginia are almost identical rules outlining "What the Petition Must Contain," including "[u]nder a heading entitled 'Assignments of Error,' the petition must list clearly and concisely and without extraneous argument, the specific errors in the rulings below—or the issue(s) on which the tribunal or court appealed from failed to rule—upon which the party intends to rely," "[a] clear and concise statement of the facts that relate to the assignments of error," and "the argument—including principles of law and the authorities . . . stated in one place and not scattered through the petition."

[8] The December R&R addressed Winston's argument that he exhausted ground G.   ECF No. 95, at 7, 9 n.5.

exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288; *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (describing the procedural default doctrine as a "distinct but related limit on the scope of federal habeas review"). Simultaneous exhaustion and procedural default occur "when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). In that case, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Baker*, 220 F.3d at 288 (citation and quotation marks omitted).

Any attempt by Winston to file a new state petition for a writ of habeas corpus would be barred as successive under Virginia Code § 8.01-654(B)(2). *See Pope v. Netherland*, 113 F.3d 1364, 1372 (4th Cir. 1997) (holding that the successive petition rule in Virginia Code § 8.01-654(B)(2) is an adequate and independent state law ground barring federal habeas review). Thus, grounds B, G, and H can be treated as simultaneously exhausted and procedurally defaulted because the claims would be procedurally barred under state law if Winston sought to present the claims to the state court. *Baker*, 220 F.3d at 288.

### 3. Standard to establish cause and prejudice, or a miscarriage of justice, sufficient to excuse a procedural default.

"Despite the many benefits of exhaustion and procedural default, . . . a federal court is not required to automatically deny unexhausted or procedurally defaulted claims." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022). Federal courts may consider these claims in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008) (citing *McCaver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000)).

To overcome the procedural default, a petitioner needs to show the presence of both cause and prejudice simultaneously. Although the Supreme Court has not "identified with precision exactly what constitutes 'cause' to excuse a procedural default," *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), courts have identified certain circumstances that may constitute cause, such as (1) "interference by officials that makes compliance with the State's procedural rule impracticable," *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991) (citation and internal quotation omitted); (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel," *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *cf. Hoke v. Netherland*, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996) (finding an absence of reasonable diligence will prevent a petitioner from establishing cause); and (3) in certain limited situations, ineffective assistance of counsel, *see, e.g., Martinez v. Ryan*, 566 U.S. 1, 17–18 (2012) (addressing cause for the procedural default of an ineffective assistance of counsel claim where "there was no counsel or counsel . . . was ineffective" in "an initial-review collateral proceeding"). "The rules for when a prisoner may establish cause to excuse a procedural default . . . reflect an equitable judgment that only where a prisoner is

16

impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default." *Martinez*, 566 U.S. at 13.

Next, to establish prejudice, the petitioner "must show not merely a substantial federal claim, such that the errors at [] trial created a *possibility* of prejudice, but rather that the constitutional violation worked to his *actual* and substantial disadvantage." *Ramirez*, 142 S. Ct. at 1733 (citation and internal quotation marks omitted).

The "miscarriage of justice" exception is a narrow exception to the cause requirement that applies when a habeas petitioner can demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" of the substantive offense. *Murray*, 477 U.S. at 496.

### a. Winston has not alleged sufficient cause and resulting prejudice to excuse his procedural default of grounds A–D and F–H.

In his amended petition, Winston responded to a question asking whether any claims have not previously been presented in state court and the reason they have not been presented. ECF No. 59, at 13. Winston references actions taken by the police at the time he was filing his amended federal petition that he "viewed as retaliation." *Id.* Actions taken in 2020 when Winston was filing his amended federal petition cannot excuse Winston's failure to properly present grounds A through D and F through H to the Supreme Court of Virginia in 2018 when he was filing his direct and state habeas appeals.

### b. Winston has not provided evidence of actual innocence.

The Supreme Court has recognized that actual innocence, if proved, serves as "a gateway through which a habeas petitioner may pass" to have his procedurally defaulted claims addressed

on the merits.  *Finch v. McKoy*, 914 F.3d 292, 294 (4th Cir. 2019); *Schlup v. Delo*, 513 U.S. 298, 314–316 (1995).  "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons."  *Herrera v. Collins,* 506 U.S. 390, 404 (1993) (citation omitted).  It "seeks to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case."  *Schlup,* 513 U.S. at 324.

To establish actual innocence based on constitutional error, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  The exception requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup,* 513 U.S. at 324. If a petitioner provides the court with reliable, newly discovered evidence of his actual innocence, then the court weighs the new evidence considering the previous admissible and inadmissible evidence and makes a "probabilistic determination about what reasonable, properly instructed jurors would do."  *Id.* at 329.

The *Schlup* standard is an exceedingly high burden to satisfy and only permits review in "extraordinary" cases.  *House v. Bell,* 547 U.S. 518, 538 (2006); *see also Schlup*, 513 U.S. at 327–29.  A petitioner's actual innocence claim "does not by itself provide a basis for relief."  *Teleguz v. Pearson*, 689 F.3d 322, 328 (4th Cir. 2012) (quotation marks omitted); *see Herrera*, 506 U.S. at 400 (noting that "[c]laims of actual innocence based on newly discovered evidence have never

been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding"). Instead, a petitioner's "claim of innocence is . . . a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315 (quotation marks omitted); *see also Teleguz*, 689 F.3d at 329.

Winston does not allege actual innocence in his amended petition. ECF No. 59. In his response to the supplemental motion to dismiss, Winston argues, "I hereby object to each and every claim within the respondent's motion to dismiss. Especially, when they allege that I have not claimed actual innocence or prejudice, when I have ple[]d not guilty, and sought post conviction relief." ECF No. 126, at 1. Winston does not proffer any new evidence not offered at his trial in support of this argument. Accordingly, Winston has not satisfied the high standard to pass through the actual innocence gateway, and the Court cannot consider his procedurally barred grounds.

> **c.** **Winston has not shown the *Martinez* exception applies to allow the Court to address his procedurally defaulted ineffective assistance of counsel claim raised in ground B.**

Winston raised an ineffective assistance of counsel claim in Ground B. The Supreme Court in *Martinez* held that the ineffective assistance of counsel, or the lack of counsel, during an initial-review collateral proceeding may constitute justifiable cause for procedural default in some cases. *Martinez*, 566 U.S. at 9, 14, 17. An "initial-review collateral proceeding[]" is one that "provide[s] the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 8. An exception for the procedural default rule for ineffective assistance of counsel claims applies when:

> (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the cause for default consist[s] of there being no counsel or only ineffective counsel

19

during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding.

*Fowler v. Joyner*, 753 F.3d 446, 461 (4th Cir. 2014) (internal quotation marks omitted) (quoting

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013)). Even when the requirements of the exception are

met, a "finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely

allows a federal court to consider the merits of a claim that otherwise would have been procedurally

defaulted." *Martinez*, 566 U.S. at 17.

Here, factors 2, 3, and 4 of the *Martinez* exception have been met. Winston did not have

counsel during his state collateral review process. The state habeas petition was the first time

Winston could have raised an ineffective assistance of trial counsel claim, as Virginia law requires

that ineffective assistance of counsel claims be brought only in an initial-review collateral

proceeding. *See Kenner v. Commonwealth*, 835 S.E.2d 107, 116 (Va. Ct. App. 2019) ("[C]laims

of ineffective assistance of counsel are not properly raised on direct appeal and must be raised in

a separate habeas petition to the Supreme Court or the circuit court.")

Still, in order to allow for federal review, the petitioner must meet all four *Martinez* factors.

*See Fowler*, 753 F.3d at 461. To meet the first factor, Winston must show that the ineffective

assistance of counsel claim in ground B is a substantial one. A substantial claim is one shown by

a petitioner to have "some merit." *Martinez*, 566 U.S. at 14; *see Owens v. Stirling*, 967 F.3d 396,

422–23 (4th Cir. 2020) (specifying that a substantial claim requires showing that the underlying

claim is substantial and that post-conviction counsel's failure to assert it was deficient). In

imposing the substantiality requirement, the Supreme Court cited the standard that governs

20

certificates of appealability under 28 U.S.C. § 2253(c)(2).  *See Martinez*, 566 U.S. at 14.   Under

that standard, "a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues

presented' were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell*,

537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal

quotations omitted)); *Owens*, 967 F.3d at 423.   On May 23, 2022, the United States Supreme

Court ruled in *Shinn v. Ramirez*, that unless the requirements of 28 U.S.C.A. § 2254(e)(2) are met,

"a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence

beyond the state-court record based on ineffective assistance of state postconviction counsel."

142 S. Ct. at 1734.   Thus, in determining whether a claim is substantial, the Court is limited to

the evidence available in the state court record.  *Id.*

The applicable standard for determining whether counsel was ineffective is set forth in

*Strickland v. Washington* and requires that a petitioner show defense counsel provided assistance

that (1) fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced

as a result of the unreasonable assistance.   466 U.S. 668, 687–700 (1984).   To establish that

counsel's performance fell below an objective standard of reasonableness, a petitioner must show

"that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed

the defendant by the Sixth Amendment."  *Id.* at 687.   These standards create a heavy burden for

a petitioner because "the court should recognize that counsel is strongly presumed to have rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional

judgment."  *Id.* at 690.   Further, "a court deciding an actual ineffectiveness claim must judge the

reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of

the time of counsel's conduct." *Id.* "In this analysis, we must resist the temptation to second-guess counsel's assistance after conviction or adverse sentence and instead must make every effort to eliminate the distorting effects of hindsight." *Terry v. Stirling*, 854 F. App'x 475, 489 (4th Cir. 2021) (citing *Sigmon v. Stirling*, 956 F.3d 183, 192 (4th Cir. 2020)). Viewing the ineffective assistance of counsel claim based on all of the circumstances, the court determines whether "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Finally, the burden falls on the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In ground B, Winston asserts his counsel waived his appearance and allowed the firearm charges against him to be *nolle prossed* "in [his] absence, without providing [Winston] with either a cause or the opportunity to object." ECF No. 59, at 17. As explained in the December R&R, the state court order dated October 29, 2015, indicates Winston was present in the courtroom with his attorney on October 29, 2015, when the court granted the Commonwealth's motion to *nolle prosequi* the firearm charges. ECF No. 95, at 11. Winston was "remanded to custody for release." *Id.* Accordingly, Winston has failed to show that his ineffective assistance of counsel claim has some merit, and the *Martinez* exception does not apply to allow the Court to review the procedurally defaulted claim in ground B.

**D.   Winston's Motions**

Following remand of this case, Winston filed several additional motions. In his motion for a temporary restraining order and preliminary injunction, ECF No. 127, Winston restates arguments made in his petition regarding his firearms conviction, asserts that his federal indictment

was unconstitutional, and requests immediate release.    In his motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, ECF No. 129, Winston appears to attack his federal conviction alleging witness tampering by the federal prosecutor.

To the extent that Winston is providing arguments in support of his amended federal petition, his claims have been addressed above.    To the extent that Winston is challenging his later federal prosecution and convictions, his arguments are not proper in this petition challenging his state convictions pursuant to 28 U.S.C. § 2254.

In his motion for declaratory judgment, Winston asserts that the respondent failed to comply with the Court's order entered February 2, 2023, by failing to provide transcripts of state court proceedings.  ECF No. 128, at 1.  Winston asks that the Court strike the supplemental motion to dismiss, set aside his conviction, order that the case file be disclosed, and release him from custody.  *Id.* at 2.  The respondent arranged for Winston's state court records to be forwarded to the Court.

For these reasons, Winston's motions, ECF Nos. 127–129, should be **DENIED**.

### III.    RECOMMENDATION

For all these reasons, the Court **RECOMMENDS** that respondent's supplemental motion to dismiss the amended petition, ECF No. 122, addressing the additional claims listed in the handwritten portion of Winston's amended petition and identified as grounds A through J, be **GRANTED**, Winston's amended petition, ECF No. 59, be **DISMISSED WITH PREJUDICE**, and Winston's motion for a temporary restraining order or preliminary injunction, ECF No. 127, motion for declaratory judgment, ECF No. 128, and motion pursuant to Rule 60(b), ECF No. 129 be **DENIED**.

## IV.    REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.   Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.   *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.      A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Robert J. Krask
United States Magistrate Judge
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April // , 2023

24

## **Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondent and was

mailed this date to:

LeAnthony T. Winston, # 20492-509
United States Penitentiary Atwater
P.O. Box 019001
Atwater, CA 95301

Fernando Galindo, Clerk

By_____E. Price_____
Deputy Clerk

____April 11_____, 2023

25